Kaye, J.
(concurring). The Court finds no need to resolve the ambiguity in Executive Law § 296 (6) because it concludes that, under either construction, defendants’ acts did not violate the law. In my view, however, plaintiff’s allegations do state a cause of action under one of the two possible readings of the statute, and it is therefore necessary to resolve the ambiguity. As I would interpret the statute, defendants’ construction is the preferable one, which leads me to concur in dismissal of the complaint.
Executive Law § 296 (6) provides:
"It shall be an unlawful discriminatory practice for any person to aid, abet, incite, compel or coerce the doing of any of the acts forbidden under this article, or to attempt to do so.”
The difference centers on the meaning of the statutory words "or to attempt to do so.” Plaintiff contends that these words modify "aid, abet, incite, compel or coerce,” so that the law proscribes an attempt to incite discrimination. If plaintiff’s reading of the statute were correct, in my opinion the complaint would survive summary judgment: the dissemination of a letter asking rabbis to contact restaurants and catering halls to urge them to deny accommodations to Jews *235 for Jesus could be considered an attempt to incite discrimination. In this respect I disagree with the majority.
Defendants would read the words "or to attempt to do so” to modify the immediately preceding clause — "the doing of any of the acts forbidden under this article.” Under defendants’ reading, the statute proscribes attempts to discriminate, not attempts to incite discrimination. While the majority’s disposition makes extended analysis of this point unnecessary, in my view defendants’ reading of the statute is the better one because of the language and structure of the subdivision. Moreover, where the choice must be made between proscribing attempts to incite discrimination and proscribing attempts to discriminate, I would conclude as a matter of statutory interpretation that the Legislature chose the latter.
It is a concern to me, however, in reading this statute that both interpretations are plausible, both attempts to discriminate and attempts to incite discrimination might, as a matter of policy, be considered important proscriptions, and because the statute is written in the disjunctive, only one of the two interpretations can be accepted. In that the majority has no occasion to reach the statutory interpretation issue in this case, a patent ambiguity in the statute necessarily remains unresolved, suggesting that it might be highly desirable for the Legislature to examine the provision and make clear whether it intended to proscribe attempts to "aid, abet, incite, compel or coerce,” or attempts to discriminate, or both.
Judges Simons, Titone, Hancock, Jr., and Bellacosa concur with Chief Judge Wachtler; Judge Kaye concurs in result in a separate opinion in which Judge Alexander concurs.
Order affirmed, with costs.